DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss filed July 6, 2009, as part of its Answer and renewed in its letter dated July 31, 2009.
At a case management conference held July 30, 2009, Defendant stated it gave Plaintiff actual notice of Defendant's Notices of Determination and Termination on April 7, 2008, for tax periods January 2005, August 2005, and September 2005. Plaintiff did not file her appeal until April 29, 2009. This interval is longer than the 90 days required by ORS 305.280(1),[1] which reads in part:
 "Except as otherwise provided in this section, an appeal under ORS 305.275(1) or (2) shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred [.]"
Plaintiff stated that, even though the cigarettes on which the tax was assessed were automatically sent to her each month, she returned the cigarettes to the sender without opening them. Unfortunately, she had no evidence of having returned the cigarettes and, in her Complaint, she stated that the vendor disputes the fact that she did return the product to the *Page 2 
sender. Plaintiff stated that she paid some of assessment notices "just to get rid of them." She included copies of the paid assessments with her Complaint.
Plaintiff had no explanation for why she waited so long to appeal the three assessment notices for January 2005 August 2005, and September 2005 other than stating that she thought that the matter was settled. To her Complaint, Plaintiff attached a letter dated April 1, 2008, that was stamped "Received Apr 30 2008 Magistrate Division." (Ptf's Compl at 5.) After checking the court's records, the court concludes that Plaintiff did not submit a filing fee with documents received by the court in April 2008 and those documents were returned to Plaintiff, setting forth the statutory requirement that a complaint was to be accompanied by a fee to be filed. The court did not receive any further communication from Plaintiff until more than twelve months had passed; at that time Plaintiff filed her Complaint.
Unfortunately, the court has no jurisdiction to ignore the statutory requirements of ORS 305.280(1). Defendant's motion to dismiss is granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is allowed. The Complaint is dismissed.
Dated this ___ day of August 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onAugust 20, 2009. The Court filed and entered this document on August 20,2009.
[1] References to the Oregon Revised Statutes (ORS) are to 2007. *Page 1